**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MEREDITH SOLOMON,** ) | Case No. 1:09 CV 3 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MEDICAL MUTUAL OF OHIO,** ) | |
| ) | |
| Defendant. ) | |

This case is before the court on the following pending motions: Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (**ECF No. 11**) and Defendant Medical Mutual of Ohio's Cross-Motion for Summary Judgment ("Defendant's Motion") (**ECF No. 12**).[1] For the reasons to follow, the Plaintiff's Motion is **DENIED**, the Defendant's Motion is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

**I.**

On December 5, 2008, Plaintiff Meredith Solomon filed this case in The Court of Common Pleas, Cuyahoga County, Ohio, under No. CV08677873. *ECF No. 1-2* ("Compl."). Therein, Solomon alleged that she was pre-certified by Defendant Medical Mutual of Ohio ("MMO") for admission to a 30-day drug treatment program at The Hanley Center in Florida, and that she entered that program on January 25, 2007. *Compl. ¶¶ 4-8*. Solomon asserted that,

---

[1]The docket shows that these Motion were denied in a Minutes Order dated 6-11-09. *ECF No. 14*. However, the Motions were effectively reactivated in a Minutes Order dated 6-30-09, *ECF No. 18*, and are presently pending. (See infra, at 4-5.)

on the fifth day of her stay, MMO contacted her and informed her that her claim was denied.  *Id*. ¶ 9.  After Solomon completed her program, she filed this case in state court against MMO, alleging state-law claims for breach of contract, declaratory judgment, and lack of good faith.  Solomon seeks $38,696 (the total bills of $42,806 less the $4,110 paid by MMO) plus additional amounts for unpaid bills discovered after the filing of the complaint, punitive damages, interest, costs and attorney fees as allowed by law.  *Id. ¶¶ 25, 32*.

On January 2, 2009, MMO removed the complaint to the district court.  *ECF No. 1* ("Notice").  MMO asserted that the court had federal question jurisdiction over the complaint because Solomon had a medical insurance plan sponsored by her employer, Precision Printing Company, Inc.;  her plan constituted an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"); and the federal ERISA statute preempted her state-law claims because they were claims by a plan participant to recover benefits allegedly due to her under the terms of her plan.  *Notice ¶¶ 4-5*.

On the same day MMO removed the case, it filed a Motion to Dismiss seeking dismissal of all claims on the basis that they were preempted by ERISA.  *ECF No. 3*.  Solomon filed an opposition brief acknowledging that she was making a claim for insurance benefits under a group health insurance plan provided to her by her employer, and that she was limited to pursuing relief under ERISA.  *ECF No. 5,* at 1.  She argued, however, that under general rules of pleading, the complaint was sufficient to state a cause of action under ERISA and the Court could treat her claims as such.  *Id*.  She asked, in the alternative, that the Court allow her to file an amended complaint that specifically asserted a cause of action for the recovery of benefits

under ERISA. Based on Solomon's acknowledgment, the Court denied the Motion to Dismiss and directed Solomon to file an amended complaint that expressly asserted an ERISA claim. Solomon did so on January 12, 2009. *ECF No. 7*.

The Court subsequently held several teleconferences with counsel of record in an attempt to settle the case. *See non-document minutes entries dated 1-30-09, 2-12-09, 3-5-09*. On March 26, 2009, however, the Court held a teleconference with counsel during which counsel agreed that the case could be resolved on cross-motions for summary judgment based on certain factual stipulations (i.e., the Hanley Center is not a hospital, and Solomon did not receive advance approval for her stay). *See ECF No. 9*. The Court directed counsel to confer and file stipulations upon which they would rely, and set forth a schedule for briefing the summary judgment motions. *Id*. When the Court reviewed the summary judgment briefs, it became apparent that the parties were unable to agree on factual stipulations. *See, e.g., ECF No. 12-2* (Memorandum in Support of Defendant Medical Mutual of Ohio's Cross Motion for Summary Judgment), at 4 n.1; *ECF No. 13* (Plaintiff's Reply Brief, etc.), at 6. Accordingly, the Court scheduled a teleconference with counsel for June 10, 2009.

During the June 10, 2009 teleconference, the Court reminded counsel that the filing of summary judgment motions was premised on the parties' ability to agree upon stipulated facts. Since they were unable to do so, the Court informed counsel that it would deny the motions based on the presence of material factual disputes, which the Court memorialized in an order dated June 11, 2009. *ECF No. 14*. The Court shared its opinion that the case should be settled, but that the undersigned could not both preside over a bench trial and mediate the case. *Id*. Thus, the undersigned offered to mediate the case if the parties would consent to the

jurisdiction of the assigned Magistrate Judge for trial purposes, should the proposed mediation prove unsuccessful. *Id*. Counsel agreed to discuss this matter with their clients, and to hold a followup teleconference with the Court on June 16, 2009. *Id.*

During the June 16, 2009 teleconference, MMO's counsel informed the Court that his client did not want to mediate the case. Accordingly, the Court directed counsel to confer and agree on a proposed discovery schedule in preparation for a bench trial. Counsel agreed to file the proposed schedule by June 25, 2009, and a followup teleconference was scheduled for June 30, 2009. *ECF No. 15*.

On June 25, 2009, however, MMO filed a Motion for Order Preventing Discovery and Excluding Trial Testimony, arguing that the case should be decided solely on the administrative record that it submitted to the Court on April 15, 2009. *ECF No. 16*. On the same day, as directed, the parties also filed a Joint Proposed Scheduling Order upon which they agreed in the event the Court denied MMO's Motion for Order Preventing Discovery and Excluding Trial Testimony. *ECF No. 17*.

The June 25 filings were discussed in detail during the June 30, 2009 teleconference – at the end of which the Court concluded that discovery and a trial were unnecessary to decide the dispute. *ECF No. 18*. The Court determined that the dispositive legal issue in the case was "whether the insurance policy in question clearly distinguished between inpatient and residential care in the eyes of a reasonable policyholder and medical provider." *Id*. at 1. As such, the Court directed (1) MMO to file a Supplemental Motion for Summary Judgment no later than 5:00 p.m. on July 17, 2009, (2) Plaintiff to file an Opposition and Supplemental Cross-Motion for Summary Judgment no later than 5:00 p.m. on August 3, 2009,

and (3) MMO to file a Reply no later than 5:00 p.m. on August 13, 2009. *Id*. This order effectively reactivated Plaintiff's Motion for Summary Judgment, *ECF No. 11*, and Defendant MMO's Cross-Motion for Summary Judgment, *ECF No. 12*. The Court denied as moot MMO's Motion for Order Preventing Discovery and Excluding Trial Testimony and noted that the discovery schedule set forth in the order of June 22, 2009 was now moot. *Id*. at 1-2.

On July 17, 2009, MMO filed its Supplemental Memorandum in Support of its Cross-Motion for Summary Judgment. *ECF No. 19*. Therein, MMO argues that it is entitled to judgment in its favor because (1) residential care is not covered by its policy, (2) inpatient care is not covered when its primary purpose is residential treatment for substance abuse, (3) inpatient care is not covered if inpatient care was not medically necessary, and (4) inpatient care is not covered when not pre-certified in writing. MMO noted that Dr. Edward Lukawski, an independent doctor who reviewed the case, issued a three-page decision and "determined that 01-25-2007 and 01-26-2007 meet criteria for medically necessary at acute level of care. The remainder of the stay, through 3-23-2007, is medically necessary at the level of residential treatment." *Id*. at 2 (citing AR0761). MMO further noted that it adopted, as the ultimate decision on Solomon's claim, the opinion of Dr. Lukawski in a letter dated October 11, 2007 – and argued that Solomon could not show that the decision was arbitrary and capricious. *Id*. (citing AR0282-83). MMO also pointed out that the policy, expressly and in bold type, does not cover residential care rendered by a Residential Treatment Facility for insureds with substance abuse problems, and argued that Solomon has failed to meet her burden to show that the Hanley Center is not a Residential Treatment Facility. *Id*. Perhaps MMO's most persuasive argument is that the policy expressly provides that all inpatient care for substance abuse services must be

-5-

approved by MMO prior to admission and that a such requests for coverage must be made in writing. *ECF No. 19*, at 5.  MMO contends that, since Solomon did not request preapproval in writing and did not receive preapproval, its resolution of her claim was not arbitrary and capricious. *Id*.

Solomon failed to file an Opposition Brief and Supplemental Cross-Motion for Summary Judgment on August 3, 2009.  On August 13, 2009, MMO filed a Supplemental Reply apprising the Court of Solomon's failure to timely file a brief, and asking the Court to grant its Cross-Motion for Summary Judgment, *ECF No. 12*, as unopposed.  The Court notes that, not only has Solomon failed to file an opposition brief, she has failed to request an extension of time to file one.

The Court has reviewed MMO's Supplemental Memorandum in Support of its Cross-Motion for Summary Judgment (**ECF No. 12**) and hereby **GRANTS** it because (1) MMO's reasons for resolving Solomon's claim appear to have merit and do not appear to be arbitrary and capricious, and (2) the Court interprets Solomon's failure to file a brief in opposition to MMO's Supplemental Memorandum to be her concession to the arguments made therein.  Accordingly, Plaintiff's Motion for Summary Judgment (**ECF No. 11**) is **DENIED**.  Judgment is hereby entered in favor of Defendant Medical Mutual of Ohio and against Plaintiff Meredith Solomon, and the case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster     August 20, 2009*
**Dan Aaron Polster**
**United States District Judge**